1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

KEVIN G. LITTLE,  SBN 149818
ATTORNEY AT LAW
2115 Kern Street, Suite 330
Fresno, California 93721
Telephone:  (559) 486-5730
Telecopy:  (559) 486-4759
E-mail: fwllaw@aol.com

Attorney for Plaintiff Richard Byrd

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

***

| | |
|---|---|
| RICHARD BYRD,<br><br>                                    Plaintiff,<br><br>v.<br><br>ATWATER RESERVE OFFICER MICHAEL TEATER; GORDON SPENCER, FORMER DISTRICT ATTORNEY FOR THE COUNTY OF MERCED; MARK PAZIN, SHERIFF OF THE COUNTY OF MERCED; STEPHEN MAUZY; CENTURY 21 SALVADORI REALTY; CARL CAMPODONICA; WILLIAM AND LILLIAN CAMPODONICA TRUST; JOHN JULIUS; GARTH PECCHENINO; DAVID GRESHAM; HOSTETLER INVESTMENTS, LLC; BELLEVUE ROAD PARTNERS, LLC; C. LOGAN McKECHNIE, SBN 77393, THE COUNTY OF MERCED, CALIFORNIA; THE CITY OF ATWATER, CALIFORNIA, DOES 1-10,<br><br>                                    Defendants. | No.<br><br>COMPLAINT FOR DAMAGES, DECLARATORY RELIEF, AND RESCISSION<br><br>42 U.S.C. § 1983<br>28 U.S.C. § 2201<br>ACTUAL AND CONSTRUCTIVE FRAUD<br>NEGLIGENT MISREPRESENTATION<br>BREACH OF FIDUCIARY DUTY<br>BREACH OF THE COVENANT OF GOOD FAITH<br>BREACH OF CONTRACT<br>NEGLIGENCE<br>INTERFERENCE WITH ECONOMIC ADVANTAGE<br>ABUSE OF PROCESS<br>RESCISSION<br><br>JURY TRIAL DEMANDED |

TO THE HONORABLE COURT:

        Plaintiff Richard Byrd, through his undersigned counsel, hereby makes the following

allegations against the defendants, and each of them:

_____
COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF AND RESCISSION

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURISDICTION AND VENUE**

1.      This Court has original jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1331 and 1343, as this action is one for damages arising under federal civil rights and labor law.  This Court has jurisdiction over the claim for declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201.  This Court also has jurisdiction over the supplemental California law claims pursuant to 28 U.S.C. § 1367.

2.      This Court has venue in this action pursuant to 28 U.S.C. § 1391(b), as the occurrences giving rise to this action all occurred within this judicial district.

**PARTIES**

3.      At all relevant times, plaintiff Richard Byrd ("Byrd") was a citizen and resident of the State of California, County of Merced.  Byrd has had a lengthy and honorable career in military service and in law enforcement, including having served as the Chief of Police at Merced College.  Byrd has also had success as a property owner and principal of an investigations and security firm.  Prior to his wife's untimely death in August 2003, and his subsequent descent into alcoholism, Byrd had no criminal record, and, even after August 2003, Byrd's few legitimate arrests related only to his driving while intoxicated.  Byrd's only conviction stems from his false arrest on March 11, 2004, and that arrest is being expunged based on the misconduct set forth herein.

4.      Defendant Atwater Reserve Officer Michael Teater ("Teater") is a level II reserve officer with the Atwater Police Department and is a citizen and resident of the State of California, County of Merced.  Teater's lengthy criminal history and history of dishonesty should have disqualified him from ever representing a law enforcement agency.  Teater was the law enforcement officer responsible for concocting the alleged offense for which Byrd was

COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF AND RESCISSION                    -2-

arrested on March 11, 2004, as well as entrapping Byrd's alleged involvement in said offense. With respect to all actions described herein, Teater was acting under color of law and within the course and scope of his duties.  Teater is sued in his individual capacity for purposes of monetary damages, and in his official capacity for purposes of the declaratory and ancillary relief requested herein.

5.      Defendant Gordon Spencer ("Spencer"), former District Attorney for the County of Merced, is a citizen and resident of the State of California, County of Merced.  Spencer pursued and manipulated the criminal charges instituted in March 2004 against Byrd for his own economic gain as one of the purchasers of Byrd's lucrative property.  Spencer also was one of the officials primarily responsible for keeping Byrd in custody while the illegitimate purchase was finalized.  With respect to all actions described herein, Spencer was acting under color of law and within the course and scope of his duties.  Spencer is sued in his individual capacity for purposes of monetary damages, and in his official capacity for purposes of the declaratory and ancillary relief requested herein.

6.      Defendant Mark Pazin ("Pazin"), Sheriff of the County of Merced, is a citizen and resident of the State of California, County of Merced.  Pazin investigated, pursued and manipulated the criminal charges instituted in March 2004 against Byrd for his own economic gain as one of the purchasers of Byrd's lucrative property.  Pazin also was one of the officials primarily responsible for keeping Byrd in custody while the illegitimate purchase was finalized. With respect to all actions described herein, Spencer was acting under color of law and within the course and scope of his duties.  Spencer is sued in his individual capacity for purposes of monetary damages, and in his official capacity for purposes of the declaratory and ancillary relief requested herein.

7.      Defendant Stephen Mauzy ("Mauzy") is a citizen and resident of the County of

Merced. Mauzy is a realtor who works under the auspices of Century 21 Salvadori Realty. Mauzy was purportedly the representative of Byrd with respect to the sale of his lucrative property, but, as set forth herein, Mauzy violated his legal and contractual duties and fraudulently induced the sale of Byrd's property for approximately 20 percent of its actual value to a group of purchasers that included himself, Spencer, Pazin and others named herein. Mauzy is liable under state and federal law for his own actions and the acts of his employees, representatives, agents or assigns, as alleged herein. Mauzy is also liable under federal law based on the joint activity and/or conspiracy he engaged in, either himself or through his employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties. Mauzy is liable for the monetary damages, declaratory and ancillary relief requested herein.

8.      Defendant Century 21 Salvadori Realty ("Salvadori Realty") is a real estate firm doing business in the County of Merced, California. Plaintiffs are informed and believe that Salvadori Realty is either a business entity, or the dba of such an entity, doing business in the State of California. Salvadori Realty was supposed to be the firm representing Byrd with respect to the sale of his lucrative property, but, as set forth herein, Salvadori Realty violated its legal and contractual duties and fraudulently inducing the sale of Byrd's property for approximately 20 percent of its actual value to a group of purchasers that included Mauzy, Spencer, Pazin and others named herein. Salvadori Realty is liable under state law for the acts of its employees, representatives, agents or assigns, as alleged herein. Salvadori Realty is also liable under federal law based on the joint activity and/or conspiracy it engaged in, through its employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties. Salvadori Realty is liable for the monetary damages, declaratory and ancillary relief requested herein.

9.     Defendant Carl Campodonica ("Campadonica"), representative of the William and Lillian Campodonica Trust, is a citizen and resident of the County of Merced. Campodonica was one of the illegitimate purchasers of Byrd's lucrative property that benefitted from the wrongful and fraudulent acts of the co-purchasers of that property, including Mauzy, Spencer, Pazin, and others named herein. Campodonica is liable under state and federal law for his own actions and the acts of his employees, representatives, agents or assigns, as alleged herein. Campodonica is also liable under federal law based on the joint activity and/or conspiracy he engaged in, either himself or through his employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties. Campodonica is liable for the monetary damages, declaratory and ancillary relief requested herein.

10.     Defendant the Lillian and John Campodonica Trust ("the Campodonica Trust") is a legal entity base din Merced County that is subject to suit under federal and California law. The Campodonica Trust was one of the illegitimate purchasers of Byrd's lucrative property that benefitted from the wrongful and fraudulent acts of the co-purchasers of that property, including Mauzy, Spencer, Pazin, and others named herein. The Campodonica Trust is liable under state and federal law for his own actions and the acts of his employees, representatives, agents or assigns, as alleged herein. The Campodonica Trust is also liable under federal law based on the joint activity and/or conspiracy he engaged in, either himself or through his employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties. The Campodonica Trust is liable for the monetary damages, declaratory and ancillary relief requested herein.

11.     Defendant John Julius ("Julius") is a citizen and resident of the County of Merced. Julius was one of the illegitimate purchasers of Byrd's lucrative property that

benefitted from the wrongful and fraudulent acts of the co-purchasers of that property, including Mauzy, Spencer, Pazin, and others named herein. Julius is liable under state and federal law for his own actions and the acts of his employees, representatives, agents or assigns, as alleged herein. Julius is also liable under federal law based on the joint activity and/or conspiracy he engaged in, either himself or through his employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties. Julius is liable for the monetary damages, declaratory and ancillary relief requested herein.

12.    Defendant Garth Pecchenino ("Pecchenino") is a citizen and resident of the County of Merced. Pecchenino was one of the illegitimate purchasers of Byrd's lucrative property that benefitted from the wrongful and fraudulent acts of the co-purchasers of that property, including Mauzy, Spencer, Pazin, and others named herein. Pecchenino is liable under state and federal law for his own actions and the acts of his employees, representatives, agents or assigns, as alleged herein. Pecchenino is also liable under federal law based on the joint activity and/or conspiracy he engaged in, either himself or through his employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties. Pecchenino is liable for the monetary damages, declaratory and ancillary relief requested herein.

13.    Defendant David Gresham ("Gresham") is a citizen and resident of the County of Merced. Gresham was one of the illegitimate purchasers of Byrd's lucrative property that benefitted from the wrongful and fraudulent acts of the co-purchasers of that property, including Mauzy, Spencer, Pazin, and others named herein. Gresham is liable under state and federal law for his own actions and the acts of his employees, representatives, agents or assigns, as alleged herein. Gresham is also liable under federal law based on the joint activity

and/or conspiracy he engaged in, either himself or through his employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties.  Gresham is liable for the monetary damages, declaratory and ancillary relief requested herein.

14.    Defendant Hostetler Investments, LLC ("Hostetler Investments") is a real estate development firm doing business in the County of Merced, California.  Plaintiffs are informed and believe that Hostetler Investments is either a business entity, or the dba of such an entity, doing business in the State of California.  Hostetler Investments was one of the illegitimate purchasers of Byrd's lucrative property that benefitted from the wrongful and fraudulent acts of the co-purchasers of that property, including Mauzy, Spencer, Pazin, and others named herein.  Hostetler Investments is liable under state and federal law for his own actions and the acts of his employees, representatives, agents or assigns, as alleged herein.  Hostetler Investments is also liable under federal law based on the joint activity and/or conspiracy he engaged in, either himself or through his employees, representatives, agents or assigns, with individuals acting under color of law and within the course and scope of their duties.  Hostetler Investments is liable for the monetary damages, declaratory and ancillary relief requested herein.

15.    Defendant Bellevue Road Partners, LLC ("Bellevue") is  a real estate development firm doing business in the County of Merced, California.  Plaintiffs are informed and believe that Bellevue is either a business entity, or the dba of such an entity, doing business in the State of California.  Bellevue is the successor in interest of the illegitimate purchasers of Byrd's lucrative property that benefitted from the wrongful and fraudulent acts of the co-purchasers of that property, including Mauzy, Spencer, Pazin, and others named herein, and is therefore not a bonafide purchaser of said property.  Bellevue is liable under

state and federal law for his own actions and the acts of his employees, representatives,

agents or assigns, as alleged herein.  Bellevue is also liable under federal law based on the

joint activity and/or conspiracy he engaged in, either himself or through his employees,

representatives, agents or assigns, with individuals acting under color of law and within the

course and scope of their duties.  Bellevue is liable for the monetary damages, declaratory and

ancillary relief requested herein.

16.     Defendant C. Logan McKechnie, SBN 77393 ("McKechnie") is an attorney

licensed to practice in the State of California and is a citizen and resident of the County fo

Merced.  McKechnie was Byrd's attorney for purposes of the criminal proceedings set forth

herein.  McKechnie, despite being on actual and/or constructive notice of the false charges

against Byrd, the entrapment, Teater's criminal history and history of dishonesty, the identities

of the prospective purchasers of Byrd's lucrative property, and other facts that cried out for his

zealous advocacy, did nothing to assist Byrd in being exonerated or released from custody

earlier than her was.  McKechnie is liable under state and federal law for his own actions and

the acts of his employees, representatives, agents or assigns, as alleged herein.  McKechnie

is also liable under federal law based on the joint activity and/or conspiracy he engaged in,

either himself or through his employees, representatives, agents or assigns, with individuals

acting under color of law and within the course and scope of their duties.  McKechnie is liable

for the monetary damages, declaratory and ancillary relief requested herein.

17.     Defendant the County of Merced, California ("Merced County") is a political

subdivision of the State of California.  Merced County is the primary funding body of the Office

of the District Attorney for Merced County and the Merced County Sheriff's Office.  Merced

County's liability for the monetary damages sought in this action is based on its customs and

policies, which gave rise to the federal causes of action alleged herein.  As permitted by

applicable law, these customs and policies will be detailed at a later point in this proceeding. Merced County also has responsibility under applicable law for the declaratory and ancillary relief requested by plaintiff herein.

18.     Defendant the City of Atwater, California ("Atwater") is a political subdivision of the State of California.  Atwater is the primary funding body of the Atwater Police Department. Atwater's liability for the monetary damages sought in this action is based on its customs and policies, which gave rise to the federal causes of action alleged herein.  As permitted by applicable law, these customs and policies will be detailed at a later point in this proceeding. Atwater also has responsibility under applicable law for the declaratory and ancillary relief requested by plaintiff herein.

19.     The fictitious defendants, sued herein as Does 1-10 (sometimes collectively referred to as "the fictitious defendants"), are individuals and/or business entities who are liable under the federal and/or state laws invoked herein.  The fictitious defendants are liable for the monetary damages, declaratory and ancillary relief requested herein.  The fictitious defendants will be renamed once their actual identities are ascertained.

## FACTUAL ALLEGATIONS

20.     On March 11, 2004 Byrd was arrested by the Merced County Sheriff's Department based on an offense concocted by Teater, who owed Byrd money, was manipulating and taking advantage of the oft-intoxicated Byrd, and had longstanding animosity against him.  The alleged offense was Byrd's supposed effort to get Teater to provide the identity and address information of the Merced County Sheriff's Deputy who arrested him for driving under the influence on November 21, 2003.  Byrd, a highly trained, experienced former law enforcement officer and owner or a private investigation and security company, at all times

had independent means to obtain this information if he had desired it, but made no efforts to obtain it.  Teater also entrapped Byrd with respect to the alleged offense over the span of approximately three months, during which time he would attempt to encourage and bait the intoxicated Byrd into paying him to obtain said information.  When these efforts were unsuccessful, Teater proceeded to concoct said allegations and report them to the Merced County Sheriff's Office.

21.     On March 15, 2004, Byrd was charged with bribing Teater, in violation of Penal Code § 67, and, with respect to his November 21, 2003 arrest, to carrying a loaded firearm, although Byrd was legally authorized to do the latter. Even though Byrd had no prior criminal history, the District Attorney's Office, at Spencer's and Pazin's direction, sought and obtained a $500,000 bail for these charges.

22.     In order to pay for his legal representation, newly built home, ongoing business expenses, and other short term expenses, Byrd found it necessary to sell his 21 acre ranch property while he was in custody.  Byrd's daughter, Linda Roybal, who was unsophisticated in such matters, sought the assistance of Mauzy and Salvadori Realty, in selling said property.

23.     Mauzy and Salvadori Realty never advised Roybal or Byrd of the actual value of the ranch property, which, according to reasonable valuations, was worth more than $6,000,000 at the time.  Instead, Mauzy told Roybal and Byrd that this property was worth considerably less and falsely indicated that a nearby property of similar size had sold for $700,000.  Mauzy also communicated an alleged offer of $1,400,000 for the property, which subsequently "fell through," as corroboration for his false valuation of the property.

24.     At the same time he was misrepresenting the value of Byrd's property to Roybal and Byrd, Mauzy was himself among a group of purchasers, consisting of Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, as representative of the Campodonica Trust,

COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF AND RESCISSION             -10-

and Hostetler Investments.  It was well known to all of the purchasers, based on the highly publicized nature of Byrd's criminal case, Spencer's and Pazin's involvement therein, and the amount of their offer in light of their sophistication, that this proposed purchase represented a highly improper and illegal endeavor.

25.     On May 6, 2004, Byrd pled no contest to a reduced charge of obstructing an executive officer, Teater, in violation of Penal Code § 69.  The conditions of the plea were that the remaining charges would be dismissed, that Byrd would receive three years felony probation, six months in county jail, and voluntarily enroll in a residential alcohol treatment program.  At the time this plea was being negotiated, Byrd's property was already for sale, and the illegitimate purchase by Mauzy, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, as representative of the Campodonica Trust, and Hostetler Investments was already contemplated.  It was known that Byrd would remain in custody throughout the time of the consummation and finalization of the purchase under the proposed terms of the plea bargain, and that his continuing in custody status was what in large part necessitated his sale of the property.  It was also known to Spencer and Pazin, based on incidents occurring relating to Byrd while he was in jail, that he continued drinking and was thus under the effects of his sever alcoholism.

26.     During this same time period, all of the above facts where known or ascertainable to McKechnie, who did nothing to seek Byrd's exoneration, earlier release or the protection of his property rights through his criminal case.  No did McKechnie seek to investigate or develop a defense to the underlying charge based on Teater's history of dishonesty, criminal record, the disappearance of crucial evidence, Byrd's voluntary intoxication, or any other factor.

27.     On or about May 18, 2004, and agreement was reached between Byrd and the

purchasers, Mauzy, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, as representative of the Campodonica Trust, and Hostetler Investments, to purchase the property for $1,300,000, about 20 percent of the actual value of the property.  This sale closed escrow and was recorded on July 1, 2004, two weeks before Byrd's July 16, 2004 sentencing in the criminal case.  The sale resulted in Mauzy, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, as representative of the Campodonica Trust, and Hostetler Investments becoming owners of the property, and Salvadori Realty's collecting a $78.000 commission.  Even after Byrd's May 6, 2004 plea to the lesser charge under Penal Code § 69, no motion was made by either the prosecution or the defense to reduce his $500,000 bail, which would have enabled him to attend to and stabilize his economic situation prior to returning to custody and which would have eliminated the necessity for him to sale his lucrative property.

28.    On July 16, 2004, Byrd was sentenced and received time served.  He was required to immediately enroll in a residential alcohol treatment program that kept him effectively custody for another two months, until September 2004.  Indeed, Byrd had highly restricted use of communication services during his time in the alcohol treatment program.  Only after Byrd was out of custody and in control of his alcoholism, was he gradually able to ascertain and understand the implications of the foregoing.  Byrd has also ascertained that some or all of the interest in the property purchased by Mauzy, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, as representative of the Campodonica Trust, and Hostetler Investments has been illegitimately transferred to Bellevue.  Also, Byrd has since exposed and the false nature of the criminal charges made against him and seeks further relief in this proceeding.  Byrd has already served his entire sentence and has no remedy through a writ of habeas corpus, thus entitling him to pursue his further exoneration in this proceeding.

_____29.    Byrd's damages as a result fo the foregoing are monumental.  Byrd has sustained loss of liberty for six months, expenses incurred in fighting an illegitimate criminal case, loss of his profitable business as a result of his false arrest, malicious prosecution and having to stay in custody for the length of time her did, loss of his reputation, loss of a property worth more than $6,000,000, as well as other general damages.

## FEDERAL CIVIL RIGHTS CLAIMS

30.    The following defendants are liable to Byrd for compensatory damages under federal law, specifically, under 42 U.S.C. § 1983: (1) Teater, for false arrest and malicious prosecution, in violation of Byrd's rights under the Fourth Amendment; (2) Spencer and Pazin, for abuse of process, manipulation of the criminal proceedings, and conspiracy to violate Byrd's due process rights and deprive him of his property rights, in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments; (3) Mauzy, Salvadori Realty, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, the Campodonica Trust, Hostetler Investments, and Bellevue, for joint and/or conspiratorial  activity with state actors that constituted abuse of process, manipulation of the criminal proceedings, and conspiracy to violate Byrd's due process rights and deprive him of his property rights, in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments; (4) Atwater, for having a *de facto* custom and policy of failing to terminate, supervise and/or discipline Teater, which was the moving force behind Teater's constitutional violations stated hereinabove; (5) Merced County, for failing to terminate, supervise, and/or discipline Spencer and Pazin, which was the moving force behind all but one of  the constitutional violations set forth hereinabove; and (6) Merced County, based on the actions of their appointed policymakers, Spencer and Pazin, which were the moving forces behind all but one of the constitutional violations set forth hereinabove.

31.     As a direct and proximate result of the defendants' violations of his federal constitutional rights specified above, plaintiff has suffered substantial damage, as detailed hereinabove. The individual and non-municipal entity defendants' intentional and reckless acts, as described above, were intentional, wanton, malicious, oppressive, and undertaken with reckless disregard for Byrd's rights, thus entitling him to an award of punitive damages under federal law.

## DECLARATORY RELIEF CLAIMS

32.     The following defendants are liable to Byrd for declaratory relief under federal law:  (1) Teater, for false arrest and malicious prosecution, in violation of Byrd's rights under the Fourth Amendment; (2) Spencer and Pazin, for abuse of process, manipulation of the criminal proceedings, and conspiracy to violate Byrd's due process rights and deprive him of his property rights, in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments; (3) Mauzy, Salvadori Realty, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, the Campodonica Trust, Hostetler Investments and Bellevue, for joint and/or conspiratorial activity with state actors that constituted abuse of process, manipulation of the criminal proceedings, and conspiracy to violate Byrd's due process rights and deprive him of his property rights, in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments; (4) Atwater, for having a *de facto* custom and policy of failing to terminate, supervise and/or discipline Teater, which was the moving force behind Teater's constitutional violations stated hereinabove, and for policymaker Chief Hawthorn's non-disclosure of Teater's record of criminal misconduct and dishonesty; (5) Merced County, for failing to terminate, supervise, and/or discipline Spencer and Pazin, which was the moving force behind all but one of  the constitutional violations set forth hereinabove; and (6) Merced County, based on the actions of their appointed

policymakers, Spencer and Pazin, which were the moving forces behind all but one of the constitutional violations set forth hereinabove.

33.    The foregoing factual allegations set forth an actual controversy with respect to the violation of Byrd's federal constitutional rights.    Therefore, this proceeding is an appropriate one for declaratory relief under 28 U.S.C. § 2201.

34.    Byrd seeks a declaration from this Court that the defendants, based on the factual transaction underlying this proceeding, violated the constitutional rights identified hereinabove.  This declaration may be based on all of the facts underlying this proceeding without regard to any issue of qualified or absolute immunity, since such immunities only apply to claims for monetary relief.

35.    Byrd also requests further necessary and proper relief as provided for under 28 U.S.C. § 2202, including the full expungement of the records of his criminal arrest and prosecution and the full restoration of the property rights of which he has been deprived.

## STATE CIVIL RIGHTS CLAIMS

36.    The following defendants are liable to Byrd under California Civil Code § 52.1 for state civil rights violations, which may be based upon the federal constitutional violations set forth hereinabove, or their state constitutional equivalents:  (1) Teater, for false arrest and malicious prosecution, in violation of Byrd's rights under the Fourth Amendment; (2) Spencer and Pazin, for abuse of process, manipulation of the criminal proceedings, and conspiracy to violate Byrd's due process rights and deprive him of his property rights, in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments; (3) Mauzy, Salvadori Realty, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, the Campodonica Trust, Hostetler Investments and Bellevue, for joint and/or conspiratorial  activity with state actors that constituted abuse

COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF AND RESCISSION           -15-

of process, manipulation of the criminal proceedings, and conspiracy to violate Byrd's due process rights and deprive him of his property rights, in violation of the Fourth, Fifth, Sixth and Fourteenth Amendments; (4) Atwater, as a result of its vicarious liability for Teater's false arrest and malicious prosecution, for having a *de facto* custom and policy of failing to terminate, supervise and/or discipline Teater, which was the moving force behind Teater's constitutional violations stated hereinabove, and for policymaker Chief Hawthorn's non-disclosure of Teater's record of criminal misconduct and dishonesty; (5) Merced County, as a result of its vicarious liability for Spencer's and Pazin's misconduct, as specified hereinabove, and for failing to terminate, supervise, and/or discipline Spencer and Pazin, which was the moving force behind all but one of  the constitutional violations set forth hereinabove; and (6) Merced County, based on the actions of their appointed policymakers, Spencer and Pazin, which were the moving forces behind all but one of the constitutional violations set forth hereinabove. The defendants' interference with these constitutional rights was accomplished by means of force, coercion, and intimidation, and/or the threat thereof.

37.    As a direct and proximate result of the defendants' violations of his federal and state constitutional rights specified above, plaintiff has suffered substantial damage, as detailed hereinabove.  The defendants' conduct set forth above entitles plaintiff not only to actual damages, but also to an award of as much as three times that amount.

## STATE LAW CLAIMS

38.    The defendants are liable under California state law to Byrd on the following bases:  (1) Teater, for false arrest and malicious prosecution; (2) Spencer and Pazin, for abuse of process, manipulation of the criminal proceedings, intentional interference with economic advantage, and conspiracy; (3) Mauzy, and Salvadori Realty, for fraud (both actual

and constructive), breach of contract, breach of fiduciary duty, breach of the covenant of good faith and fair dealing, intentional interference with prospective economic advantage, breach of the covenant of good faith and fair dealing, negligence, negligent misrepresentation, and rescission; (4) Mauzy, Spencer, Pazin, Pecchenino, Gresham, Julius, Campodonica, the Campodonica Trust, Hostetler Investments and Bellevue for fraud (both actual and constructive),  breach of the covenant of good faith and fair dealing, intentional interference with prospective economic advantage, breach of the covenant of good faith and fair dealing, negligent misrepresentation, and rescission; (5) McKechnie, for professional negligence; (6) Atwater, vicarious liability for Teater's false arrest and malicious prosecution, and for policymaker Chief Hawthorn's non-disclosure of Teater's record of criminal misconduct and dishonesty; and (7) Merced County, vicarious liability for the misconduct of Spencer and Pazin, set forth hereinabove.  As a direct and proximate result of the defendants' misconduct specified above, plaintiff has suffered substantial damage, as detailed hereinabove.

## **PRAYER FOR RELIEF**

Plaintiff prays for judgment as follows:

1.      For full compensatory damages in amounts according to proof;

2.      For declaratory relief as requested hereinabove;

3.      For punitive damages as to the federal civil rights causes of action against the individual and non-municipal defendants, in amounts according to proof;

4.      For treble damages according to proof under California Civil Code § 52.1;

5.      For rescission of the sale of his property and invalidation of the deed and related documents recorded thereupon on July 1, 2004;

6.      For attorneys' fees and costs of suit; and

COMPLAINT FOR DAMAGES,
DECLARATORY RELIEF AND RESCISSION              -17-

1     7.     For such other relief as this Court deems just.

2  **DEMAND FOR A JURY TRIAL**

3     Plaintiff requests a trial by jury, consistent with his rights under the Seventh Amendment

4,5  and other applicable law.

6     In Fresno, California, this 15th day of July, 2006.

7

8  _/s/ Kevin G. Little_
Kevin G. Little

9  Attorney for Plaintiff Richard Byrd

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28