**PORTER | SCOTT**
A PROFESSIONAL CORPORATION
Terence J. Cassidy, SBN 99180
Kristina M. Hall, SBN 196794
350 University Ave., Suite 200
Sacramento, California 95825
TEL: 916.929.1481
FAX: 916.927.3706

Attorneys for Defendants Defendant MARK PAZIN

# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BYRD, <br><br> Plaintiff, <br><br> vs. <br><br> ATWATER RESERVE OFFICER MICHAEL TEATER; GORDON SPENCER, FORMER DISTRICT ATTORNEY FOR THE COUNTY OF MERCED; MARK PAZIN, SHERIFF OF THE COUNTY OF MERCED; STEPHEN MAUZY; CENTURY 21 SALVADORI REALTY; CARL CAMPODONICA; WILLIAM AND LILLIAN CAMPODONICA TRUST; JOHN JULIUS; GARTH PECCHENINO; DAVID GRESHAM; HOSTETLER INVESTMENTS, LLC; BELLEVUE ROAD PARTNERS, LLC; C. LOGAN McKECHNIE, SBN 77393, THE COUNTY OF MERCED, CALIFORNIA THE CITY OF ATWATER, CALIFORNIA, DOES 1-10, <br><br> Defendants. <br> _____/ | Case No. CIV 06-0900 OWW GSA <br><br> **DEFENDANT MARK PAZIN'S UNDISPUTED MATERIAL FACTS IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT OR, IN THE ALTERNATIVE, SUMMARY ADJUDICATION IN SUPPORT OF SAME** <br><br> Date: January 28, 2008 <br> Time: 10:00 a.m. <br> Ctrm: 3 |

# UNDISPUTED MATERIAL FACTS APPLICABLE TO EACH FEDERAL AND/OR STATE LAW CLAIM

| | | | |
|---|---|---|---|
| 1. | On March 11, 2004, Plaintiff Richard Byrd was arrested and booked into the Merced County Jail on charges of attempted bribery of a peace officer. | 1. | Compl. ¶¶ 20, 21. |
| 2. | On March 15, 2004, Byrd was charged with bribing City of Atwater Reserve Police officer Michael Teater, in violation of California Penal Code Section 67. | 2. | Compl. ¶ 21. |
| 3. | Byrd also was charged with carrying a loaded firearm, contrary to the terms of release regarding his arrest of November 21, 2003. | 3. | Compl. ¶ 21. |
| 4. | At the time of Byrd's arrest, Mark Pazin was the duly-elected Sheriff for the County of Merced. | 4. | Declaration of Mark Pazin in Support of Defendant's Motion for Summary Judgment/Adjudication ("Pazin Decl."), ¶ 2; Compl. ¶ 6. |
| 5. | Following the arrest of Mr. Byrd, Sheriff Pazin had very limited knowledge or information regarding Byrd's criminal court process, including but not limited to his arraignment, bail or other criminal case-related matters. | 5. | Pazin Decl., ¶ 4. |
| 6. | Pazin was never aware of the exact amount at which Mr. Byrd's bail was set; all bail amounts are set by the Presiding Judge. Pazin had absolutely no role whatsoever in setting the amount of bail or in otherwise recommending that bail be set at a specific amount. | 6. | Pazin Decl., ¶ 4. |
| 7. | Setting bail is a function of the District Attorney and the judge assigned to the case and does not involve the Sheriff. | 7. | Pazin Decl., ¶ 4. |
| 8. | Sheriff Pazin did not communicate with Defendant then-District Attorney Gordon Spencer or any other deputy district attorneys and/or C. Logan McKechnie, Mr. Byrd's criminal defense counsel in | 8. | Pazin Decl., ¶ 4. |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

| | | | |
|---|---|---|---|
| 1 | | Merced County regarding any aspect of the criminal case against Mr. Byrd or any issues related thereto. | |
| 2 | | | |
| 3 | | | |
| 4 | 9. | Mr. Byrd's own counsel in the criminal case, C. Logan McKechnie (who also is a Defendant in this matter), confirms that Sheriff Pazin played no role in Mr. Byrd's arrest and detention. Specifically, Mr. McKechnie had no information or knowledge that Sheriff Pazin in any manner participated in Byrd's bail status or lack thereof. | 9. Deposition of C. Logan McKechnie ("McKechnie Depo."), at 69:15-18 (attached as Exh. A to Declaration of Terence J. Cassidy in Support of Defendant's Motion for Summary Judgment/Adjudication). |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | | | |
| 9 | | | |
| 10 | 10. | Mr. McKechnie had no information or knowledge that Sheriff Pazin played any role in the filing of the criminal complaint against Byrd. | 10. McKechnie Depo. 69:19-23. |
| 11 | | | |
| 12 | 11. | There was no evidence that Sheriiff Pazin played any role directly or indirectly with the plea or sentencing of Byrd. | 11. McKechnie Depo. 70:1-5. |
| 13 | | | |
| 14 | | | |
| 15 | 12. | There were no facts or information to suggest information to suggest that Sheriff Pazin was in any manner part of a conspiracy to "get" Mr. Byrd to take his property. | 12. McKechnie Depo. 82:21-83:1 |
| 16 | | | |
| 17 | | | |
| 18 | 13. | Sheriff Pazin did not know at the time of his initial arrest and detention in the Merced County Jail that Mr. Byrd did not post bail and therefore remained in the custody of the Sheriff's Department. | 13. Pazin Decl., ¶ 5. |
| 19 | | | |
| 20 | | | |
| 21 | | | |
| 22 | 14. | Sheriff Pazin had no contact or communication with Mr. Byrd while Byrd was in the custody of the Sheriff's Department. | 14. Pazin Decl., ¶ 5. |
| 23 | | | |
| 24 | 15. | Sheriff Pazin did not have any contact with any members of the Merced County Jail staff regarding the detention of Mr. Byrd, including but not limited to his housing, conditions of confinement, his health or any medical condition, or when he would be released. | 15. Pazin Decl., ¶ 5. |
| 25 | | | |
| 26 | | | |
| 27 | | | |
| 28 | ///| | |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com
00550946.WPD

| | |
|---|---|
| 16. As of the time Mr. Byrd was arraigned on May 6, 2004, he confirmed to the court that he was of his full abilities and capabilities and able to enter a plea and understand the court proceedings. | 16. McKechnie Depo. 67:18-68:21. |
| 17. In approximately the later part of April 2004, Sheriff Pazin attended a private dinner party with some friends. | 17. Pazin Decl., ¶ 6. |
| 18. Sheriff Pazin was approached by members of an informal investment group and asked whether he wanted to join others in a group called Bellevue Road Partners, LLC, in investing in certain real estate in Merced County. | 18. Pazin Decl., ¶ 6. |
| 19. Sheriff Pazin learned that a real estate agent had been retained by this group and that the group's pooled funds would be used to purchase the real estate in question. | 19. Pazin Decl., ¶ 6. |
| 20. Sheriff Pazin accepted the invitation to participate in the partnership and invested $78,000 of his own money toward the purchase. | 20. Pazin Decl., ¶ 6. |
| 21. Sheriff Pazin signed the necessary documents to participate in the anticipated real estate purchase in May 2004, obtaining a 1/16 share of ownership in the property. | 21. Pazin Decl., ¶ 6. |
| 22. Sheriff Pazin knew that the property was located somewhere on Bellevue Road in Merced, California, but at the time was not aware that the owner-seller of that property was Mr. Byrd. | 22. Pazin Decl., ¶ 6. |
| 23. Sheriff Pazin's investment group received a comprehensive appraisal of the property. | 23. Pazin Decl., ¶ 7. |
| 24. Based on the appraisal information provided to the partnership, the group believed in good faith that the estimate reflected an accurate fair market value asking price for | 24. Pazin Decl., ¶ 7. |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

00550946.WPD

| | | | |
|---|---|---|---|
| 1 | | the property. | |
| 2 | 25. | Bellevue Road Partners made the decision to purchase this property for $1.3 million. | 25. Pazin Decl., ¶ 7. |
| 3 | | | |
| 4 | 26. | Pazin's good faith belief that the group paid fair market value for the real estate in question was reinforced by individuals in the community who told him that the investment group had, in fact, paid too much for property. | 26. Pazin Decl., ¶ 7. |
| 5 | | | |
| 6 | | | |
| 7 | | | |
| 8 | 27. | Sheriff Pazin first learned that the property the partnership was purchasing was owned by Mr. Byrd in June 2004. | 27. Pazin Decl., ¶ 8. |
| 9 | | | |
| 10 | | | |
| 11 | 28. | Mr. Byrd's ownership of the property came to light for Sheriff Pazin when Mr. Stephen Mauzy, the real estate agent retained by the partnership, came to Sheriff Pazin's office at the Sheriff's Department and requested that he be permitted to visit Mr. Byrd in the jail for the purpose of having him sign the purchase documents. | 28. Pazin Decl., ¶ 8. |
| 12 | | | |
| 13 | | | |
| 14 | | | |
| 15 | | | |
| 16 | 29. | Sheriff Pazin told Mr. Mauzy that he could not and would not assist him with visiting Mr. Byrd for that purpose and that Mr. Mauzy would have to go through the normal process to see Mr. Byrd just the same as any other person would for purposes of visiting or conducting business. | 29. Pazin Decl., ¶ 8. |
| 17 | | | |
| 18 | | | |
| 19 | | | |
| 20 | | | |
| 21 | 30. | Mr. Mauzy did as Sheriff Pazin suggested and the necessary documents were signed. | 30. Pazin Decl., ¶ 8. |
| 22 | | | |
| 23 | 31. | Some days later, Sheriff Pazin went to the escrow company to sign the purchasing documents for the real estate. | 31. Pazin Decl., ¶ 9. |
| 24 | | | |
| 25 | | | |
| 26 | 32. | The escrow documents, which were signed by Mr. Byrd, reflected the names of all of the individual purchasers of the property, including Sheriff Pazin. | 32. Pazin Decl., ¶ 9 and Exh. A thereto. |
| 27 | | | |
| 28 | | | |

PORTER | SCOTT
ATTORNEYS
350 UNIVERSITY AVE., SUITE 200
SACRAMENTO, CA 95825
TEL: 916.929.1481
FAX: 916.927.3706
www.porterscott.com

5
**DEFENDANT PAZIN'S UMFS IN SUPPORT OF MSJ/ADJUDICATION IN SUPPORT OF SAME**

00550946.WPD

| | | | |
|---|---|---|---|
| 33. | There was never any intent on the part of Sheriff Pazin,, nor did he have any knowledge, that Mr. Byrd's constitutional rights could be violated in any way by his participation in this private business transaction. | 33. | Pazin Decl., ¶ 10. |
| 34. | Sheriff Pazin subsequently sold his share of the property to Hostetler Investments, LLC, on August 18, 2006. | 34. | Pazin Decl., ¶ 11 and Exh. B thereto. |
| 35. | Sheriff Pazin has had no further interest in the property since that time. | 35. | Pazin Decl., ¶ 11. |

**FACTS APPLICABLE ONLY TO STATE LAW CLAIMS**

| | | | |
|---|---|---|---|
| 36. | Plaintiff has never filed a government tort claim regarding any of the conduct he attributes to Pazin. | 36. | Declaration of Lydia A. Beiswanger in Support of Defendant's Motion for Summary Judgment/Adjudication. |

Respectfully submitted,

Dated: December 26, 2007

PORTER SCOTT
A PROFESSIONAL CORPORATION

By  /s/ Terence J. Cassidy
Terence J. Cassidy
Attorney for Defendant MARK PAZIN