IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RICHARD BYRD, )<br>)<br>)<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>)<br>ATWATER RESERVE OFFICER )<br>MICHAEL TEATER, et al., )<br>)<br>)<br>Defendants. )<br>_____) | No. CV-F-06-900 OWW/WMW<br><br>MEMORANDUM DECISION GRANTING<br>PLAINTIFF'S MOTION FOR<br>RECONSIDERATION (Doc. 80) |

On February 21, 2008, a Memorandum Decision and Order (February 21, 2008 Order) was issued resolving Defendants' various motions to dismiss pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure. In pertinent part, the February 21, 2008 Order ruled:

> Plaintiff contends: 'Since one of [his] Section 1983 claims is that his case was mishandled, i.e., unduly delayed, excessively bailed, and unduly sentenced, in order for the defendants to gain their illicit advantage, the Heck rule is inapposite in part. Heck does not apply when the gravamen of the claim is against the procedures

1

> employed during the criminal proceeding and not the result.'
>
> Plaintiff's claims that his criminal proceedings were 'unduly delayed' and that he was 'unduly sentenced' are barred by *Heck* because they necessarily imply the invalidity of his conviction and sentence. A claim that the right to a speedy trial has been violated of necessity challenges the validity of the underlying conviction. A claim challenging the sentence is barred explicitly by *Heck*.
>
> Defendants' motions to dismiss the Section 1983 claims on the basis of *Heck v. Humphrey* are GRANTED WITH PREJUDICE to the extent the Section 1983 claims are based on Plaintiff's alleged false arrest and prosecution, on delay in the criminal proceedings against Plaintiff, and on the sentence imposed. Defendants' motion to dismiss the Section 1983 claims on the basis of *Heck v. Humphrey* are DENIED to the extent the claims are based on excessive bail. This claim addresses a procedure used that does not depend on the invalidity of Byrd's conviction and for which the availability of habeas corpus expired upon Plaintiff's relief [sic] from custody.

Plaintiff moves for reconsideration of "the dismissal of his civil rights claim based on the scheduling of his sentencing for July 16, 2004, nine weeks after his May 6, 2004 plea and after the closing of the subject property transaction on July 1, 2004."

Because the February 21 Order is an interlocutory order, *see Stanley v. Woodford*, 449 F.3d 1060 (9th Cir.2006), discretion exists to reconsider. *Kern-Tulare Water Dist. v. City of Bakersfield*, 634 F.Supp. 656, 665 (E.D.Cal.1986), *aff'd in part and rev'd in part on other grounds*, 828 F.2d 514 (9th Cir.1987), *cert. denied*, 486 U.S. 1015 (1988). "[T]his Court's opinions are not intended as mere first drafts, subject to revision and

reconsideration at a litigant's pleasure." *Quaker Alloy Casting Co. v. Gulfco Indus., Inc.*, 123 F.R.D. 282, 288 (N.D.Ill.1988). "Courts have distilled various grounds for reconsideration of prior rulings into three major grounds for justifying reconsideration: (1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) need to correct a clear error or to prevent manifest injustice." *Kern-Tulare Water Dist., id.*. Pursuant to Rule 78-230(k)(3), Local Rules of Practice, the party seeking reconsideration has the duty to indicate "what new or different facts or circumstances are claimed to exist which did not exist or were not shown upon such prior motion, or what other grounds exist for the motion,' and "why facts or circumstances were not shown at the time of the prior motion."

    Plaintiff argues that reconsideration is required because "not all delays in a criminal proceeding necessarily trigger speedy trial guarantees, even if they are subjectively and actually prejudicial." Plaintiff concedes that constitutional speedy trial protections apply to sentencing. *See Pollard v. United States*, 352 U.S. 354, 361 (1957)("We will assume arguendo that sentence is part of the trial for purposes of the Sixth Amendment. The time for sentence is of course not at the will of the judge."). Whether a defendant in a criminal action is entitled to relief for violation of the constitutional right to a speedy trial depends on the four factors set forth in *Barker v. Wingo*, 407 U.S. 514 (1972). However, Plaintiff argues, in order

to violate the constitutional right, "there is a threshold test that must be satisfied consistent with the Supreme Court's holding in Doggett v. United States, 505 U.S. 647, 651, 655-657 (1992)."

In *Doggett*, the Supreme Court explained:

> ... On its face, the Speedy Trial Clause is written with such breadth that, taken literally, it would forbid the government to delay the trial of an 'accused' for any reason at all. Our cases, however, have qualified the literal sweep of the provision by specifically recognizing the relevance of four separate enquiries: whether delay before trial was uncommonly long, whether the government or the criminal defendant is more to blame for that delay, whether, in due course, the defendant asserted his right to a speedy trial, and whether he suffered prejudice as the delay's result ....
>
> The first of these actually is a double enquiry. Simply to trigger a speedy trial analysis, an accused must allege that the interval between the accusation and trial has crossed threshold dividing ordinary from 'presumptively prejudicial' delay ..., since, by definition, he cannot complain that the government has denied him a 'speedy' trial if it has, in fact, prosecuted his case with customary promptness. If the accused makes this showing, the court must then consider, as one factor among several, the extent to which the delay stretches beyond the bare minimum needed to trigger judicial examination of the claim.

505 U.S. at 651-652.

Plaintiff asserts that *Doggett* holds that courts "do not even consider the four Barker factors 'unless there is a period of delay that appears, on its face, to be unreasonable under the circumstances.' Id. at 657." Plaintiff cites *Doggett*, 505 U.S.

4

at 652 n.1, as suggesting "that, in some contexts, the *Barker* inquiry should not even be triggered by delays of less than one year." *Doggett* noted:

> Depending on the nature of the charges, the lower courts have generally found postaccusation delay 'presumptively prejudicial' at least as it approaches one year. See 2 W. LaFave & J. Israel, Criminal Procedure § 18.2, p. 405 (1984); Joseph, Speedy Trial Rights in Application, 48 Ford.L.Rev. 611, 623, n. 71 (1980)(citing cases). We note that, as the term is used in this threshold context, 'presumptive prejudice' does not necessarily indicate a statistical probability of prejudice; it simply marks the point at which courts deem the delay unreasonable enough to trigger the *Barker* enquiry. Cf. Uviller, *Barker v. Wingo*: Speedy Trial Gets a Fast Shuffle, 72 Colum.L.Rev. 1376, 1384-1385 (1972).

Plaintiff asserts that he has found no case holding that a sentencing delay commensurate with that alleged in this action was "facially unreasonable" and that "the Court knows from its vast experience that such sentencing delays are not atypical." Plaintiff contends:

> Plaintiff does not in this case contend that his sentencing delay was facially or *per se* unreasonable, so he could never even trigger an application of the *Barker* test. Instead, plaintiff contends that the wrongful, ill-motivated and fraudulent acts of the defendants, conspiring together, delayed his sentencing just long enough to permit the subject transaction to be completed before his release from jail. Those allegations certainly do not *necessarily* implicate that his speedy trial rights were violated, and, thus, they should not be precluded by the *Heck* rule.

At the April 7, 2008 hearing on the motion for reconsideration,

Plaintiff argued that, regardless of his criminal conviction, he still has the right not to have the criminal proceedings manipulated by Defendants in order to purchase Plaintiff's real property from him for less than its fair market value to exert unfair compulsion on him to sell.  Plaintiff asserted that, if the criminal trial record shows that the purpose of the nine week interval between his guilty plea and sentencing was to facilitate the alleged conspiracy to acquire his property for less than its fair market value, the delay is an overt act in furtherance of the conspiracy.

Plaintiff contends that he did not raise the ground asserted for reconsideration previously because "the record in this case shows that none of the defendants raised the 'speedy trial' issue in their dismissal motions[, n]or was this point raised or even mentioned at the hearing on the motion."  Plaintiff asserts that because, he "has never been of the position that his procedural delay claim necessarily had to implicate constitutional speedy trial concerns in order to survive dismissal[, t]here was ... no reason for the plaintiff to address this issue unless it had been raised by a moving defendant."

Plaintiff's claim that the issue whether *Heck* did or did not bar his claim that his sentencing was unduly delayed was not raised in connection with the motions to dismiss is belied by the February 21 Order.  Although Plaintiff may not have used the term "speedy trial", he raised the ground that *Heck* did not apply to his claim that his criminal case was "unduly delayed."

Plaintiff simply did not brief the issue thoroughly or clearly enough in his opposition to the motion to dismiss. Nonetheless, the Court exercises its discretion to reconsider because the underlying concern is one of law.

Although the application of *Heck v. Humphrey* has nothing to do with the viability of the underlying conviction, here, Plaintiff asserts he does not claim the alleged delay in his sentencing implicates the constitutional right to a speedy trial. Rather, he argues that his sentencing was purposefully delayed to enable the real property sale to be closed while he was still in custody. Plaintiff does not have a stand-alone claim under Section 1983 for unreasonable delay in violation of his constitutional right to a speedy trial. Although Plaintiff claims that the alleged delay in sentencing was part of the conspiracy, it is not *per se* a denial of due process because he has no constitutional right to be sentenced at a particular time. Nonetheless, it is arguable that the delay in sentencing Plaintiff can be viewed as an overt act in furtherance of the alleged conspiracy much as the allegation of excessive bail. Although serious issues of proof, especially causation, exist, those are factual issues that cannot be addressed on a motion to dismiss.[1]

---

[1] At the hearing, Defendants questioned whether any claim for violation of due process has been stated, arguing that Plaintiff's claim should be based on fraud or an invalid property transaction under state law, not Section 1983. These arguments are not properly before the Court and are not addressed further.

**For the reasons stated above, Plaintiff's motion for reconsideration is GRANTED.**

IT IS SO ORDERED.

**Dated:     April 8, 2008**                              /s/ Oliver W. Wanger
                                                      UNITED STATES DISTRICT JUDGE