IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ESTATE OF RICHARD BYRD, <br><br> Plaintiff, <br><br> vs. <br><br> ATWATER RESERVE POLICE OFFICER MICHAEL TEATER, et al., <br><br> Defendants. | No. CV-F-06-900 OWW/GSA <br><br> MEMORANDUM DECISION AND ORDER GRANTING DEFENDANTS' MOTION TO COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS, SET ONE, AND IMPOSING MONETARY SANCTIONS ON PLAINTIFF'S COUNSEL, KEVIN LITTLE (Doc. 104) |

Defendants Carl Campodonica, William and Lillian Campodonica Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler Investments, LLC, and Bellevue Road Partners, LLC, move to compel Plaintiff to file responses to Defendants' Request for Production, Set One.

Plaintiff, represented by Kevin Little, did not file a written opposition to the motion to compel within the time required by Rule 78-230, Local Rules of Practice, and presented nothing at the hearing on July 14, 2008 excusing or justifying

1  the failure to file a written opposition to the motion or to
2  provide the requested discovery.
3       On October 17, 2007, Defendants' counsel served a Request
4  for Production of Documents, Set One on Plaintiff's counsel and
5  Plaintiff.  By Order filed on December 5, 2007, all discovery in
6  this action was stayed until January 28, 2008 at the request of
7  Mr. Little.  On February 1, 2008, Counsel for Defendants wrote to
8  Mr. Little:

> Please forward the documents requested at
> your earliest convenience.  Please also
> advise as to when we may expect to receive
> the same.  Should you have any questions,
> please feel free to contact the undersigned.

David L. Emerzian avers in support of this motion:

> 4.  As of the date of this declaration [May
> 9, 2008], I have not received any response or
> responsive documents from Plaintiff, Mr.
> Little, nor anyone in Mr. Little's office
> regarding the document production which
> remains outstanding and due.
>
> 5.  As a billing attorney on this file, my
> billing rate is $210 per hour, and that is
> the amount being charged for all work I
> perform in this matter.  I expended
> approximately four (4) hours reviewing the
> case file, reviewing relevant law and
> preparing the Motion and supporting documents
> in support of this Motion.  Moreover, I
> anticipate spending an additional five hours,
> reviewing the opposition, if any, preparing a
> reply, and driving to, attending, and
> returning from, the hearing on this matter.
> Therefore, and on behalf of my client, I
> request voluntary sanctions be awarded in the
> amount of $1,890.

On July 8, 2008, Defendants counsel sent the following letter to
Mr. Little by facsimile and U.S. Mail:

> This letter will follow the voice mail message I left for you this afternoon wherein I attempted to meet and confer with your [sic] regarding our discovery dispute over your client's failure to produce responsive documents, and our resulting motion to compel which is set for hearing on Monday, July 14, 2008. As you are aware we are required to meet and confer before hand a file [sic] a Joint Statement with the Court by tomorrow, July 9, 2008, regarding those matters that are in dispute. Our position is fairly simply, you failed to produce any responsive documentation.
>
> Please contact me as soon as possible so we can comply with these requirements.

A party seeking discovery may move to compel pursuant to **Rule 37(a)(1):**

> On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action.

**Rule 37(a)(5)(A) provides:**

> If the motion is granted - or if the disclosure or requested discovery is provided after the motion was filed - the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising the conduct, or both to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
>
> (i) the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> (ii) the opposing party's nondisclosure, response, or objection was substantially justified; or

         **(iii) other circumstances make an award of expenses unjust.**

At the July 14, 2008 hearing, Mr. Little provided no excuse or justification for the failure to provide the requested discovery.

The motion to compel is GRANTED. Plaintiff shall respond to Defendants' Request for Production, Set One, by July 30, 2008. Plaintiff's counsel, Kevin Little, shall pay as a sanction pursuant to Rule 37(a)(5)(A), attorneys' fees in the amount of $840.00 by July 30, 2008. FAILURE TO TIMELY COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS ACTION AGAINST DEFENDANTS CARL CAMPODONICA, WILLIAM AND LILLIAN CAMPODONICA TRUST, JOHN JULIUS, GARTH PECCHENINO, DAVID GRESHAM, HOSTETLER INVESTMENTS, LLC, AND BELLEVUE ROAD PARTNERS, LLC.

IT IS SO ORDERED.

Dated:   July 23, 2008                        /s/ Oliver W. Wanger
                                                   UNITED STATES DISTRICT JUDGE