IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ESTATE OF RICHARD BYRD, | ) | No. CV-F-06-900 OWW/GSA |
| | ) | |
| | ) | MEMORANDUM DECISION DENYING |
| | ) | PLAINTIFF'S REQUEST FOR |
| Plaintiff, | ) | RELIEF FROM AUGUST 7, 2008 |
| | ) | DISCOVERY ORDER AND GRANTING |
| vs. | ) | PLAINTIFF'S REQUEST FOR |
| | ) | DISMISSAL OF REMAINING |
| | ) | PARTIES WITHOUT PREJUDICE TO |
| ATWATER RESERVE OFFICER | ) | REFILING IN STATE COURT |
| MICHAEL TEATER, et al., | ) | PURSUANT TO 28 U.S.C. § |
| | ) | 1367(c)(3) AND TOLLING OF |
| | ) | APPLICABLE STATUTES OF |
| Defendants. | ) | LIMITATION PURSUANT TO 28 |
| | ) | U.S.C. § 1367(d) SUBJECT TO |
| _____ | ) | PLAINTIFF'S COMPLIANCE WITH |
| | | AUGUST 7, 2008 DISCOVERY |
| | | ORDER (Doc. 129) |

Plaintiff Estate of Richard Byrd moves for dismissal of this action against Defendants Carl Campodonica, William and Lillian Campodonica Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler Investments, LLC, and Bellevue Road Partners, LLC, pursuant to 28 U.S.C. § 1367(c)(3) on the ground that dismissal

1

1 with prejudice, judgment on the pleadings and/or summary judgment

2 has been granted in favor of all Defendants in connection with

3 Plaintiff's claims for relief based on alleged violations of his

4 constitutional rights pursuant to 42 U.S.C. § 1983.[1]  Plaintiff

5 also moves the Court to order that the statutes of limitations

6 applicable to the supplemental claims asserted against these

7 Defendants be tolled pursuant to 28 U.S.C. § 1367(d):

8 > The period of limitations for any claim
> asserted under subsection (a), and for any
9 > other claim in the same action that is
> voluntarily dismissed at the same time or
10 > after the dismissal of the claim under
> subsection (a), shall be tolled while the
11 > claim is pending and for a period of 30 days
> after it is dismissed unless State law
12 > provides for a longer tolling period.

13 A district court may, in its discretion, decline to exercise

14 supplemental jurisdiction over state law claims when all

15 remaining federal claims have been dismissed.  It is appropriate

16 to decline supplemental jurisdiction under Section 1367(c)(3)

17 when it serves objectives of economy, convenience and fairness to

18 the parties, and comity.  *Trustees of Construction Industry and*

19 *Laborers Health v. Desert Valley Landscape & Maintenance, Inc.,*

20 333 F.3d 923, 925 (9th Cir.2003).

21

22 [1]Plaintiff includes a Statement of Non-Opposition to Defendant
Gordon Spencer's motion for summary judgment.  By Memorandum
23 Decision and Order filed on September 2, 2008, Defendant Spencer's
motion for summary judgment was granted.  (Doc. 134).  Defendant
24 Spencer has lodged a "Judgment in Favor of Gordon Spencer."  (Doc.
136).  Because summary judgment for Defendant Spencer does not
25 fully resolve the action, he is not entitled to entry of judgment
unless he applies under Rule 54(b), Federal Rules of Civil
26 Procedure.

Defendants do not object to the dismissal of this action as requested by Plaintiff.

On May 9, 2008 Defendants Carl Campodonica, William and Lillian Campodonica Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler Investments, LLC, and Bellevue Road Partners, LLC, filed a motion to compel responses to Defendants' Request for Production, Set One.  Plaintiff, represented by Kevin Little, did not file a written opposition to the motion to compel and presented nothing at the hearing on July 14, 2008 excusing or justifying the failure to file a written opposition to the motion or to provide the requested discovery.  At the July 14, 2008 hearing, the motion to compel was granted and Plaintiff was orally ordered to file responses to the discovery by July 30, 2008.  Mr. Little represented to the Court that he could and would do so.  Mr. Little was also ordered to pay $840.00 in attorneys' fees as a sanction for the failure to provide discovery.  On July 24, 2008, a Memorandum Decision and Order was filed, granting the motion to compel, directing that responses to the requested discovery be provided by July 30, 2008, and ordering Mr. Little to pay as a sanction pursuant to Rule 37(a)(5)(A), attorneys' fees in the amount of $840.00 by July 30, 2008.  The July 24, 2008 Order specifically provided:

> FAILURE TO TIMELY COMPLY WITH THIS ORDER WILL RESULT IN THE DISMISSAL OF THIS ACTION AGAINST DEFENDANTS CARL CAMPODONICA, WILLIAM AND LILLIAN CAMPODONICA TRUST, JOHN JULIUS, GARTH PECCHENINO, DAVID GRESHAM, HOSTETLER INVESTMENTS, LLC and BELLEVUE ROAD PARTNERS, LLC.

On July 31, 2008, Defendants filed an Application for an Order to Show Cause why this action should not be dismissed because of Plaintiff's failure to provide responses to the requested discovery by July 30, 2008 and because of Mr. Little's failure to pay the attorneys' fees by July 30, 2008.  David L. Emerzian, counsel for Defendants, avers:

> 3.  On July 14, 2008, I caused a letter dated the same to be sent to Mr. Little reminding him of the July 30, 2008, date that he was to produce the responsive documentation, and pay monetary sanctions ....
>
> 4.  As of the drafting of this declaration [July 31, 2008], neither my office, my clients, nor myself, have received a single responsive document, a payment of any monetary sanction amount, nor an explanation from Plaintiff's counsel regarding his blatant failure to comply with this Court's Order.

On July 30, 2008, Mr. Little filed a Declaration under seal (Doc. 124).  Among other things, Mr. Little avers that he was in an automobile accident on July 14, 2008, was medically cleared with respect to his injuries on July 29, 2008, and that July 30, 2008 was the first day since July 14, 2008 that he has done any legal work at all.

Given these representations by Mr. Little, the Order to Show Cause was denied by Order filed on August 7, 2008, and Mr. Little was ordered to comply with the July 24, 2008 Order within 10 days following the filing date of this Order.  Again, Mr. Little was advised that failure to timely comply will result in the dismissal of the action against the moving defendants.  (Doc.

128).

Mr. Little now asserts that he should be excused from complying with the July 24 and August 7 Orders.

Defendants oppose this request.

Mr. Little contends that any outstanding discovery issues will become moot if this action is dismissed against the remaining defendants pursuant to Section 1367(c)(3). Mr. Little cites *Neubronner v. Milken*, 6 F.3d 666, 671 (9th Cir.1993).

At issue in *Neubronner* was the requirement for specific pleading of securities fraud under Rule 9(b), Federal Rules of Civil Procedure. In the course of discussing the need to provide some limited discovery in order to allow a plaintiff in an insider trading case to plead fraud with the required specificity and describing the proceedings in the District Court, the Ninth Circuit noted:

> Milken's motion for a protective order to forestall a deposition and document production noticed for September 1990 as well as the interrogatory request became moot when the district court dismissed Neubronner's third amended complaint. Neubronner again noticed a deposition for February 20, 1991, the day after a scheduled hearing on Milken's motion to dismiss the fourth amended complaint. Milken then requested a protective order on the ground that if the motion to dismiss was granted the deposition issue would be moot, and if denied, it would be oppressive and burdensome to require him to appear any time before his March 4, 1991, surrender to the Federal Bureau of Prisons due to his conviction on criminal charges. The district court on February 19, 1991, granted Milken's motion for a protective order and stayed his deposition pending further court order. Thus, the district

1                 **court only prevented Neubronner from deposing**
               **Milken under further order, but never**
2                 **restricted him from pursuing discovery**
               **through other means.  The district court's**
3                 **action was proper under Federal Rule of Civil**
               **Procedure 26(c), which permits a district**
4                 **court to limit discovery for good cause.**

5  *Id.* **at 671.**

6      *Neubronner* **does not support Mr. Little's contention that**

7  **dismissal of this action pursuant to Section 1367(c)(3)** *after* **a**

8  **motion to compel is granted and sanctions ordered renders the two**

9  **discovery/sanctions orders moot.  Such a conclusion allows Mr.**

10  **Little to ignore court orders and evade any sanction for his**

11  **failure to timely provide discovery.**

12      **Mr. Little further contends that compliance with these**

13  **Orders should be excused because "the defense has had for months**

14  **all non-duplicative documents in plaintiff's possession, i.e.,**

15  **the exhibits submitted in opposition to defendant Pazin's motion**

16  **for summary judgment or summary adjudication" and because**

17  **enforcement of the Orders "would otherwise pose an extreme**

18  **financial hardship to [Mr. Little], especially when the**

19  **defendants to whom said order pertains will obtain a dismissal**

20  **without prejudice and be entitled to file costs bills as a**

21  **result."**

22      **Mr. Little provides no explanation for his failure to**

23  **provide discovery as required by the Federal Rules of Civil**

24  **Procedure and no explanation for his failure to make these**

25  **assertions prior to the issuance of the July 24 and August 7**

26  **Orders.  For Mr. Little to now say that the motion to compel**

should not have been granted because he provided "all non-
duplicative documents in plaintiff's possession" in response to
another Defendant's motion for summary judgment, a defendant
represented by different counsel, puts the onus on these
Defendants to figure out what evidence, if any, Plaintiff has to
support his claims against him.  Mr. Little was at least required
to identify documents responsive to the requests and their
location, if Defendants did not possess them and Mr. Little
lacked access to these documents.

Mr. Little provides no factual support for his contention
that payment of the sanctions will pose an extreme financial
hardship to him or why he did not make this contention earlier.
In his reply brief, Mr. Little incorporates by reference his
Confidential Declaration filed under seal in this action on
November 19, 2007, (Doc. 56), wherein he describes his then
financial circumstances and his inability to practice.  Because
this Declaration was filed under seal, Defendants have not seen
it and cannot challenge it.  As Defendants note, the sanctions
imposed by the Court are not duplicative of the costs that may
ultimately be recoverable because Defendants have incurred
additional expenses to compel responses to discovery which Mr.
Little ignored and never responded to.

Mr. Little's request for relief from the July 24 and August
7 Orders is denied.  Although Mr. Little has suffered from
medical conditions for a number of months, his current
representations are inconsistent with those made to the Court and

7

Defendants in connection with compliance with the motion to compel and in seeking relief from his failure to timely comply with the July 24 Order.   Further, Mr. Little's actions and omissions caused Defendants to appear before the Court three times and to incur legal expenses that would not have been necessary had Mr. Little timely responded to the motion to compel, presenting then what he now contends should excuse his failure to timely respond to discovery.   Defendants should not have to bear those expenses, which have, in any event, been reduced by half.

ACCORDINGLY:

1.   Plaintiff's motion for relief from the August 7, 2008 Order is DENIED.   The Court retains ancillary jurisdiction to enforce the August 7, 2008 Order.   Plaintiff shall respond to Defendants' Request for Production, Set One, on or before October 15, 2008.   Plaintiff shall pay attorneys' fees in the amount of $840.00 on or before December 15, 2008.   No further delay or excuses for non-compliance will be accepted.   Failure to timely comply will result in the dismissal with prejudice of Plaintiff's claims against Defendants Carl Campodonica, William and Lillian Campodonica Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler Investments, LLC, and Bellevue Road Partners, LLC;

2.   Plaintiff's motion to dismiss this action against Defendants Carl Campodonica, William and Lillian Campodonica Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler Investments, LLC, and Bellevue Road Partners, LLC, pursuant to 28

1  U.S.C. § 1367(c)(3) and to toll the statutes of limitation

2  pursuant to 28 U.S.C. § 1367(d) is GRANTED, conditioned on

3  Plaintiff's timely compliance with the August 7, 2008 Order as

4  set forth above.  The statutes of limitations are tolled for 30

5  days from the date the Order dismissing this action pursuant to

6  Section 1367(c)(3) is filed;[2]

7      3.   Counsel for Defendants shall prepare and lodge an order

8  setting forth the rulings in this Memorandum Decision within five

9  (5) days following the date of service of this decision.

10     IT IS SO ORDERED.

11 Dated:  __September 22, 2008__         _____/s/ Oliver W. Wanger_____
                                         UNITED STATES DISTRICT JUDGE

---

[2]This written Order modifies the oral ruling made at the
September 15, 2008 hearing.  Upon reflection, dismissal of this
action under Section 1367(c)(3) before Mr. Little complies with the
August 7, 2008 Order leaves the Court with no basis to order
dismissal of the action against the Defendants as a sanction for
failure to comply with the August 7, 2008 Order.