1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                  EASTERN DISTRICT OF CALIFORNIA

8

9   ESTATE OF RICHARD BYRD,        )      No. CV-F-06-900 OWW/GSA
                                   )
10                                 )      MEMORANDUM DECISION AND
                                   )      ORDER DEFERRING RESOLUTION
11             Plaintiff,          )      OF PLAINTIFF'S COUNSEL'S
                                   )      REQUEST FOR ADDITIONAL TIME
12        vs.                      )      TO PAY DISCOVERY SANCTIONS
                                   )      PENDING SERVICE OF
13                                 )      CONFIDENTIAL DECLARATION ON
    ATWATER RESERVE OFFICER        )      DEFENDANTS AND SCHEDULED
14  MICHAEL TEATER, et al.,        )      BRIEFING (Doc. 151)
                                   )
15                                 )
               Defendants.         )
16                                 )
                                   )
17  _____)

18       On December 15, 2008, Kevin Little, counsel for Plaintiff,

19  filed a request for additional time to pay $840.00 in attorneys'

20  fees imposed as a sanction for Mr. Little's failure to timely

21  respond to the discovery requests of Defendants Carl Campodonica,

22  William and Lillian Campodonica Trust, John Julius, Garth

23  Pecchenino, David Gresham, Hostetler Investments, LLC, and

24  Bellevue Road Partners, LLC ("Defendants").  Mr. Little's request

25  is supported by his confidential declaration.  Mr. Little's

26  request is opposed by Defendants.

                              1

1    On May 9, 2008 Defendants filed a motion to compel responses

2  to Defendants' Request for Production, Set One.  Plaintiff,

3  represented by Kevin Little, did not file a written opposition to

4  the motion to compel and presented nothing at the hearing on July

5  14, 2008 excusing or justifying the failure to file a written

6  opposition to the motion or to provide the requested discovery.

7  At the July 14, 2008 hearing, the motion to compel was granted

8  and Plaintiff was  orally ordered to file responses to the

9  discovery by July 30, 2008.  Mr. Little represented to the Court

10  that he could and  would do so.  Mr. Little was also ordered to

11  pay $840.00 in attorneys' fees as a sanction for the failure to

12  provide discovery.  On July 24, 2008, a Memorandum Decision and

13  Order was filed, granting the motion to compel, directing that

14  responses to the requested discovery be provided by July 30,

15  2008, and ordering Mr. Little to pay as a sanction pursuant to

16  Rule 37(a)(5)(A), attorneys' fees in the amount of $840.00 by

17  July 30, 2008.  The July 24, 2008 Order specifically provided:

18           FAILURE TO TIMELY COMPLY WITH THIS ORDER WILL
             RESULT IN THE DISMISSAL OF THIS ACTION
19           AGAINST DEFENDANTS CARL CAMPODONICA, WILLIAM
             AND LILLIAN CAMPODONICA TRUST, JOHN JULIUS,
20           GARTH PECCHENINO, DAVID GRESHAM, HOSTETLER
             INVESTMENTS, LLC and BELLEVUE ROAD PARTNERS,
21           LLC.

22    On July 31, 2008, Defendants filed an Application for an

23  Order to Show Cause why this action should not be dismissed

24  because of Plaintiff's failure to provide responses to the

25  requested discovery by July 30, 2008 and because of Mr. Little's

26  failure to pay the attorneys' fees by July 30, 2008.

1      On July 30, 2008, Mr. Little filed a Declaration under seal

2  (Doc. 124).  Among other things, Mr. Little averred that he was

3  in an automobile accident on July 14, 2008, was medically cleared

4  with respect to his injuries on July 29, 2008, and that July 30,

5  2008 was the first day since July 14, 2008 that he has done any

6  legal work at all.  Mr. Little made no representation that he was

7  unable to pay the monetary sanction.

8      Given these representations by Mr. Little, the Order to Show

9  Cause was denied by Order filed on August 7, 2008, and Mr. Little

10  was ordered to comply with the July 24, 2008 Order within 10 days

11  following the filing date of this Order.  Again, Mr. Little was

12  advised that failure to timely comply will result in the

13  dismissal of the action against the moving defendants.  (Doc.

14  128).

15      By motion filed on August 17, 2008, Mr. Little moved to be

16  excused from complying with the July 24 and August 7 Orders.  By

17  Memorandum Decision filed on September 24, 2008, Mr. Little's

18  request was denied:

19              Mr. Little further contends that compliance
               with these Orders should be excused because
20              "the defense has had for months all non-
               duplicative documents in plaintiff's
21              possession, i.e., the exhibits submitted in
               opposition to defendant Pazin's motion for
22              summary judgment or summary adjudication" and
               because enforcement of the Orders "would
23              otherwise pose an extreme financial hardship
               to [Mr. Little], especially when the
24              defendants to whom said order pertains will
               obtain a dismissal without prejudice and be
25              entitled to file costs bills as a result."

26              Mr. Little provides no explanation for his

3

1

2

3

4

5

6

7

8

9

10

failure to provide discovery as required by
the Federal Rules of Civil Procedure and no
explanation for his failure to make these
assertions prior to the issuance of the July
24 and August 7 Orders.  For Mr. Little to
now say that the motion to compel should not
have been granted because he provided "all
non-duplicative documents in plaintiff's
possession" in response to another
Defendant's motion for summary judgment, a
defendant represented by different counsel,
puts the onus on these Defendants to figure
out what evidence, if any, Plaintiff has to
support his claims against him.  Mr. Little
was at least required to identify documents
responsive to the requests and their
location, if Defendants did not possess them
and Mr. Little lacked access to these
documents.

11

12

13

14

15

16

17

18

19

20

Mr. Little provides no factual support for
his contention that payment of the sanctions
will pose an extreme financial hardship to
him or why he did not make this contention
earlier.   In his reply brief, Mr. Little
incorporates by reference his Confidential
Declaration filed under seal in this action
on November 19, 2007, (Doc. 56), wherein he
describes his then financial circumstances
and his inability to practice.  Because this
Declaration was filed under seal, Defendants
have not seen it and cannot challenge it.  As
Defendants note, the sanctions imposed by the
Court are not duplicative of the costs that
may ultimately be recoverable because
Defendants have incurred additional expenses
to compel responses to discovery which Mr.
Little ignored and never responded to.

21

22

23

24

25

26

Mr. Little's request for relief from the July
24 and August 7 Orders is denied.  Although
Mr. Little has suffered from medical
conditions for a number of months, his
current representations are inconsistent with
those made to the Court and Defendants in
connection with compliance with the motion to
compel and in seeking relief from his failure
to timely comply with the July 24 Order.
Further, Mr. Little's actions and omissions
caused Defendants to appear before the Court
three times and to incur legal expenses that

4

1

would not have been necessary had Mr. Little
timely responded to the motion to compel,

2

presenting then what he now contends should
excuse his failure to timely respond to

3

discovery.  Defendants should not have to
bear those expenses, which have, in any

4

event, been reduced by half.

5   The September 24, 2008 Memorandum Decision concluded:

6

1.  Plaintiff's motion for relief from the
August 7, 2008 Order is DENIED.  The Court

7

retains ancillary jurisdiction to enforce the
August 7, 2008 Order.  Plaintiff shall

8

respond to Defendants' Request for
Production, Set One, on or before October 15,

9

2008.  Plaintiff shall pay attorneys' fees in
the amount of $840.00 on or before December

10

15, 2008.  No further delay or excuses for
non-compliance will be accepted.  Failure to

11

timely comply will result in the dismissal
with prejudice of Plaintiff's claims against

12

Defendants Carl Campodonica, William and
Lillian Campodonica Trust, John Julius, Garth

13

Pecchenino, David Gresham, Hostetler
Investments, LLC, and Bellevue Road Partners,

14

LLC;

15

2.  Plaintiff's motion to dismiss this action
against Defendants Carl Campodonica, William

16

and Lillian Campodonica Trust, John Julius,
Garth Pecchenino, David Gresham, Hostetler

17

Investments, LLC, and Bellevue Road Partners,
LLC, pursuant to 28 U.S.C. § 1367(c)(3) and

18

to toll the statutes of limitation pursuant
to 28 U.S.C. § 1367(d) is GRANTED,

19

conditioned on Plaintiff's timely compliance
with the August 7, 2008 Order as set forth

20

above.  The statutes of limitations are
tolled for 30 days from the date the Order

21

dismissing this action pursuant to Section
1367(c)(3) is filed[.]

22

23   Mr. Little timely provided the discovery responses as

required by the September 24, 2008 Memorandum Decision.

24

Mr. Little requests additional time to pay the $840.00

25

monetary sanctions based on averments in his confidential

26

1   declaration dated December 15, 2008.

2        In *Thomas v. Gerber Productions,* 703 F.2d 353 (9th

3   Cir.1983), the District Court ordered the *pro per* plaintiff to

4   submit to his deposition and to pay a monetary sanction in the

5   amount of $750.00.  Plaintiff eventually submitted to the

6   deposition, but advised the District Court he was unable to pay

7   the monetary sanction.  Upon Plaintiff's failure to pay the

8   monetary sanction, the District Court dismissed the action.  The

9   Ninth Circuit reversed:

10              Rule 37(b)(2)(C) of Fed. R. Civ. P permits
                imposition of the ultimate sanction of
11              dismissal upon a proper showing that a
                plaintiff has acted in bad faith in failing
12              to comply with a court's discovery order ...
                Where, however, the failure to comply is 'due
13              to inability, and not to willfulness, bad
                faith, or any fault of petitioner[s]'' Rule
14              37 should not be construed as authorizing the
                sanction of dismissal ....
15
                There is no evidence in the record before us
16              that Thomas acted in bad faith in refusing to
                pay the sanction of $750.00.  Thomas
17              immediately advised the court that he did not
                have the ability to pay $750.00, when the
18              court advised him that he would have to pay a
                monetary sanction as a punishment for his
19              prior conduct.

20              Thomas complied with the court's orders to
                cooperate with defense discovery efforts on
21              January 4, 1982.

22              The only evidence before the court on January
                11, 1982 concerning the prosecution of this
23              action was that Thomas had submitted to the
                taking of his deposition as ordered on
24              December 14, 1981.  Thus, the order of
                dismissal of this action cannot be sustained
25              on the ground that, as of January 11, 1982,
                Thomas was guilty of dilatory or
26              obstructionist action.

6

1

2

3

4

5

> It is our view that the court, in its order
> of December 14, 1981, abused its discretion
> in selecting a sanction which imposed a
> requirement that the court was informed could
> not be performed ... Under these
> circumstances, it was equally an abuse of
> discretion to dismiss this action on January
> 11, 1982 for failure to do an act without
> proof that compliance with the court's order
> was possible.

6

703 F.2d at 356-357.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

Here, the Court did not abuse its discretion by imposing the

monetary sanction on Mr. Little.  Mr. Little did not make

representations of inability to pay the monetary sanction until

late August 2008, after the sanction had been ordered and after

Mr. Little represented to the Court in response to the Order to

Show Cause that he would comply with the Court's orders to

provide the discovery and pay the monetary sanction.  It was only

in connection with his August 17, 2008 motion to be excused from

complying with the Court's orders that Mr. Little, referring to a

declaration filed under seal in another court in November 2007,

asserted that he could not pay the sanction.  As the Court noted

in the September 24, 2008 Memorandum, Defendants were not

provided with a copy of Mr. Little's declaration and could not

respond to it.  Further, Mr. Little's November 2007 declaration

refers to events and circumstances months before the $840.00

monetary sanction was imposed.  Mr. Little bears the burden of

producing probative evidence of his inability to pay the ordered

sanction.  *See Gaskell v. Weir*, 10 F.3d 626, 629 (9th

Cir.1993)("Canatella filed a declaration in which he stated, 'My

1  law practice checking account usually has only enough funds to

2  pay current obligations.  The equitable interest in all real or

3  personal property in my name is held by the family trust.'  This

4  statement is the closest Canatella came to producing any evidence

5  of his asserted inability to pay.  This is not sufficient.

6  Canatella did not carry his burden.").

7       Mr. Little's confidential declaration filed on December 15,

8  2008 describes his current economic and financial condition in

9  detail and asserts that Mr. Little lacks the present ability to

10 pay the Court-ordered monetary sanction.  However, because

11 Defendants have not been served with Mr. Little's December 15,

12 2008 confidential declaration, they do not have the ability to

13 contest any of the representations or to consent to the extension

14 of time based on those representations.  This confidential

15 declaration does not pertain to Mr. Little's mental condition,

16 only his financial condition.  In fairness to Defendants and to

17 assure that the Court and all parties are fully advised of the

18 facts and circumstances, the Court defers ruling on Mr. Little's

19 request for additional time to pay the monetary sanctions,

20 pending Mr. Little forthwith serving his confidential declaration

21 on Defendants under protective order by which Defendants and

22 their attorneys are precluded from disclosing the confidential

23 declaration to third parties.  Upon service of the confidential

24 declaration, Defendants shall have until January 5, 2009 to

25 conduct discovery or otherwise contest Mr. Little's averments.

26 Mr. Little shall cooperate fully in any such discovery requested

1  **by Defendants.   Defendants shall file a response to Mr. Little's**

2  **confidential declaration by January 12, 2009.   All further**

3  **proceedings shall be by Order of the Court.**

4  IT IS SO ORDERED.

5  **Dated:     December 19, 2008**                              **/s/ Oliver W. Wanger**
                                                    UNITED STATES DISTRICT JUDGE

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26