IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **ESTATE OF RICHARD BYRD,** )<br>)<br>)<br>)<br>      **Plaintiff,**   )<br>)<br>      **vs.**         )<br>)<br>)<br>**ATWATER RESERVE OFFICER** )<br>**MICHAEL TEATER, et al.,** )<br>)<br>)<br>      **Defendants.**  )<br>_____) | No. CV-F-06-900 OWW/GSA<br><br>MEMORANDUM DECISION AND<br>ORDER DENYING PLAINTIFF'S<br>COUNSEL'S REQUEST FOR<br>RECONSIDERATION (Doc. 155) |

Before the Court is the request for reconsideration of the Court's December 19, 2008 Order filed by Kevin Little, counsel for Plaintiff.

The December 19, 2008 Order addressed Mr. Little's request for additional time to pay $840.00 in discovery sanctions. Mr. Little's request for additional time to comply was supported by his declaration filed under seal. The December 19, 2008 Order provided in relevant part:

> Mr. Little's confidential declaration filed
> on December 15, 2008 describes his current

1

>economic and financial condition in detail and asserts that Mr. Little lacks the present ability to pay the Court-ordered monetary sanction.  However, because Defendants have not been served with Mr. Little's December 15, 2008 confidential declaration, they do not have the ability to contest any of the representations or to consent to the extension of time based on those representations.  This confidential declaration does not pertain to Mr. Little's mental condition, only his financial condition.  In fairness to Defendants and to assure that the Court and all parties are fully advised of the facts and circumstances, the Court defers ruling on Mr. Little's request for additional time to pay the monetary sanctions, pending Mr. Little forthwith serving his confidential declaration on Defendants under protective order by which Defendants and their attorneys are precluded from disclosing the confidential declaration to third parties.  Upon service of the confidential declaration, Defendants shall have until January 5, 2009 to conduct discovery or otherwise contest Mr. Little's averments.  Mr. Little shall cooperate fully in any such discovery requested by Defendants.  Defendants shall file a response to Mr. Little's confidential declaration by January 12, 2009.  All further proceedings shall be by Order of the Court.

Mr. Little requests reconsideration that he be required to serve the December 15, 2008 confidential declaration on counsel for Defendants Carl Campodonica, William and Lillian Campodonica Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler Investments, LLC, and Bellevue Road Partners, LLC.  Mr. Little complains that the Court ordered disclosure of his confidential declaration *sua sponte*; that the Court did not consider less restrictive alternatives, including submission of additional financial information to the Court *in camera*; that the Order did

not provide any protection against publication or dissemination of the confidential declaration; and that the Order gives Defendants "an expedited, undefined, and seemingly unfettered right to discovery into plaintiff's counsel's finances."

Mr. Little's request for reconsideration is DENIED.

Disclosure of Mr. Little's December 15, 2008 confidential declaration was ordered because Defendants could not contest the factual representations made by Mr. Little, depriving Defendants of fundamental fairness.

The December 19, 2008 Order provided that disclosure of the December 15, 2008 confidential declaration be made pursuant to a protective order by which Defendants and their attorneys are precluded from disclosing the confidential declaration to third parties and may only be used in addressing the issues raised by Mr. Little's request for extension of time.  Mr. Little points to no evidence from which it may be inferred that counsel for Defendants would ignore the protective order.  However, to assuage Mr. Little's concerns, disclosure of the December 15, 2008 confidential declaration shall be made solely to Defendants' counsel, Stephen E. Carroll and/or David L. Emerzian, and shall not be disclosed to any third parties, including Defendants, absent prior approval of this Court.

Although Mr. Little has placed his ability to pay the Court-ordered sanction at issue, it is a needless expenditure of the Court and the parties' resources to prolong this dispute.  If Defendants chose to do so, they may file a response to Mr.

Little's confidential declaration by February 17, 2009.[1]  Mr. Little's reply, if any, shall be filed by February 23, 2009.  All further proceedings shall be by Order of the Court.

IT IS SO ORDERED.

Dated:   **January 6, 2009**                              /s/ Oliver W. Wanger
                                                            UNITED STATES DISTRICT JUDGE

---

[1] At the January 5, 2009 hearing, Defendants' counsel argued that the Court's reliance in the December 19, 2008 Order on *Thomas v. Gerber Productions,* 703 F.2d 353 (9th Cir.1983), that Mr. Little's inability to pay the sanction excuses his compliance, was misplaced. Because Mr. Little moved to dismiss this action against Defendants pursuant to 28 U.S.C. § 1367(d), Defendants, citing *Unioil, Inc. v. E.F. Hutton & Co., Inc.*, 809 F.2d 548 (9th Cir.1986), argue that Mr. Little's inability to pay the Court-ordered sanction means that Plaintiff's conditional motion to dismiss the action must be withdrawn. The Court does not address Defendants' contention at this juncture. If Defendants chose to respond to Mr. Little's confidential declaration, they may submit their arguments on this issue, not to exceed three pages. Mr. Little's reply shall address Defendants' contention.