1

2

3

4

5

6            IN THE UNITED STATES DISTRICT COURT FOR THE

7                      EASTERN DISTRICT OF CALIFORNIA

8

9   ESTATE OF RICHARD BYRD,        )        No. CV-F-06-900 OWW/GSA
                                   )
10                                 )        MEMORANDUM DECISION GRANTING
                                   )        DEFENDANT GORDON SPENCER'S
11                 Plaintiff,      )        MOTION FOR JUDGMENT PURSUANT
                                   )        TO RULE 54(b), FEDERAL RULES
12            vs.                  )        OF CIVIL PROCEDURE (Doc.
                                   )        149), VACATING ORAL ARGUMENT
13                                 )        SET FOR FEBRUARY 2, 2009,
    ATWATER RESERVE OFFICER        )        AND DIRECTING CLERK OF COURT
14  MICHAEL TEATER, et al.,        )        TO ENTER JUDGMENT FOR
                                   )        DEFENDANT GORDON SPENCER AND
15                                 )        AGAINST PLAINTIFF
                   Defendant.      )
16                                 )
                                   )
17  _____)

18

19        Defendant Gordon Spencer, in his official capacity as Merced

20  County District Attorney and in his personal capacity moves for

21  entry of judgment pursuant to Rule 54(b), Federal Rules of Civil

22  Procedure.

23        Plaintiff, represented by Kevin Little, has not filed an

24  opposition or statement of non-opposition within the time

25  required by Rule 78-230(c), Local Rules of Practice.

26        By Memorandum Decision and Order filed on February 21, 2008,

                                   1

1   (Doc. 79), the Court ruled as follows:

2           ● The Court granted Defendant Spencer's motion to
            dismiss Plaintiff's Section 1983 claims based on
3           Plaintiff's alleged false arrest and prosecution, on
            delay in the criminal proceedings against Plaintiff,
4           and on the sentence imposed pursuant to *Heck v.
            Humphrey*, but denied dismissal to the extent the
5           Section 1983 claim was based on excessive bail;

6           ● The Court held that Defendant Spencer was
            entitled to absolute prosecutorial immunity
7           to the extent that Plaintiff sought monetary
            relief for Spencer's actions as a prosecutor,
8           but denied dismissal to the extent Plaintiff
            alleged that Spencer conspired to acquire
9           Plaintiff's real property and to the extent
            Plaintiff sought equitable relief;

10
            ● The Court held that Defendant Spencer, in
11          his official capacity as Merced County
            District Attorney, was not a "person" within
12          the meaning of Section 1983, but denied
            dismissal to the extent the Complaint alleged
13          claims against Spencer in his individual
            capacity which have not been barred by
14          absolute prosecutorial immunity;

15          ● The Court dismissed Plaintiff's state law
            claims for damages and equitable relief
16          agaisnt Defendant Spencer because of
            Plaintiff's failure to comply with the
17          California Tort Claims Act for actions taken
            by Spencer in his capacity as Merced County
18          District Attorney, but denied dismissal of
            the state law claims for damages and
19          equitable relief arising out of Spencer's
            acquisition of Plaintiff's real property;

20
            ● The Court dismissed Plaintiff's state law
21          claims based on prosecutorial immunity set
            forth in California Government Code § 821.6,
22          except for Plaintiff's claim that Spencer
            wrongfully acquired an interest in
23          Plaintiff's real property.

24      After Plaintiff filed a First Amended Complaint, Defendant

25  Spencer moved for summary judgment on all remaining claims

26  alleged against him.  Plaintiff filed a statement of non-

                                   2

1  opposition.  By Memorandum Decision and Order filed on September

2  9, 2008, (Doc. 134), Defendant Spencer's motion for summary

3  judgment was granted.

4       In addition, the Court has dismissed with prejudice or

5  granted judgment on the pleadings and/or summary judgment in

6  favor of all other Defendants in connection with Plaintiff's

7  claims for relief based on alleged violations of his

8  constitutional rights pursuant to 42 U.S.C. § 1983.  The only

9  claims remaining in this action are state law claims against

10 Defendants Carl Campodonica, William and Lillian Campodonica

11 Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler

12 Investments, LLC, and Bellevue Road Partners, LLC.  Plaintiff has

13 moved to dismiss the remaining state law claims pursuant to 28

14 U.S.C. § 1367(c)(3).  This motion to dismiss was granted by

15 Memorandum Decision and Order filed on September 24, 2008, (Doc.

16 143), conditioned on Plaintiff's counsel's timely compliance with

17 the August 7, 2008 Order compeling Plaintiff to provide discovery

18 and pay a monetary sanction.  Mr. Little has provided the

19 required discovery but has sought more time to pay the monetary

20 sanction, which request is pending before the Court.

21      Rule 54(b) provides:

22           When an action presents more than one claim
             for relief ... or when multiple parties are
23           involved, the court may direct entry of a
             final judgment as to one or more, but fewer
24           than all, claims or parties only if the court
             expressly determines that there is no just
25           reason for delay.  Otherwise, any order or
             other decision, however designated, that
26           adjudicates fewer than all the claims or the

                                   3

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

> **rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.**

**Defendant Spencer's motion for entry of an order directing entry of judgment in his favor and against Plaintiff pursuant to Rule 54(b) is GRANTED.  All claims against Defendant Spencer have been resolved in Defendant Spencer's favor.  Mr. Little has been extremely dilatory in prosecuting this action and, as noted, has sought additional time to comply with a Court-ordered monetary sanction.  It is unclear whether or when this action will be finally resolved as to the remaining Defendants in this action. Plaintiff has not opposed this motion.  The Court expressly finds that there is no just reason to delay the entry of judgment in favor of Defendant Gordon Spencer and against Plaintiff.**

**For the reasons stated:**

**1.  Defendant Gordon Spencer's motion for entry of judgment pursuant to Rule 54(b), Federal Rules of Civil Procedure, is GRANTED;**

**2.  Oral argument set for February 2, 2009 is VACATED;**

**3.  The Clerk of the Court is directed to ENTER JUDGMENT IN FAVOR OF DEFENDANT GORDON SPENCER AND AGAINST PLAINTIFF PURSUANT TO RULE 54(b), FEDERAL RULES OF CIVIL PROCEDURE.**

IT IS SO ORDERED.

Dated:   __January 29, 2009__                   _____/s/ Oliver W. Wanger_____
                                                                          UNITED STATES DISTRICT JUDGE