1

2

3

4

5

6        IN THE UNITED STATES DISTRICT COURT FOR THE

7            EASTERN DISTRICT OF CALIFORNIA

8

9   ESTATE OF RICHARD BYRD,        )        No. CV-F-06-900 OWW/GSA
                                   )
10                                 )        MEMORANDUM DECISION AND
                                   )        ORDER DENYING PLAINTIFF'S
11            Plaintiff,           )        COUNSEL'S REQUEST FOR
                                   )        ADDITIONAL TIME TO PAY
12        vs.                      )        DISCOVERY SANCTIONS AS MOOT
                                   )        (Doc. 151), DENYING
13                                 )        DEFENDANTS' REQUEST FOR
   ATWATER RESERVE OFFICER         )        DISMISSAL AND AWARD OF
14  MICHAEL TEATER, et al.,        )        ATTORNEYS' FEES PURSUANT TO
                                   )        RULE 41, FEDERAL RULES OF
15            Defendants.          )        CIVIL PROCEDURE (Doc. 163),
                                   )        DISMISSING REMAINING STATE
16                                 )        LAW CLAIMS AGAINST
   _____)        DEFENDANTS CARL CAMPODONICA;
17                                          WILLIAM AND LILLIAN
                                            CAMPODONICA TRUST; JOHN
18                                          JULIUS; GARTH PECCHENINO;
                                            DAVID GRESHAM; HOSTETLER
19                                          INVESTMENTS, LLC; BELLVUE
                                            ROAD PARTNERS, LLC; CENTURY
20                                          21 SALVADORI REALTY, AND
                                            STEPHEN MAUZY PURSUANT TO 28
21                                          U.S.C. 1367(c)(3), AND
                                            DIRECTING PLAINTIFF TO LODGE
22                                          ORDER AND JUDGMENT

23

24

25

26        The Order filed on October 10, 2008, (Doc. 145), provided:

                                   1

> 1.   Plaintiff's Motion for Relief from the
> August 7, 2008 order is DENIED.  Plaintiff
> shall respond to Defendants' request for
> production of documents, set number one, on
> or before October 15, 2008, and shall pay
> attorney's fees in the amount of $840.00 on
> or before December 15, 2008.  Plaintiff's
> failure to timely comply with either the
> document production or payment of attorney's
> fees, by the respective dates provided, will
> result in the dismissal with prejudice of
> Plaintiff's claims against Defendants CARL
> CAMPODONICA; WILLIAM AND LILLIAN CAMPODONICA
> TRUST; JOHN JULIUS; GARTH PECCHENINO; DAVID
> GRESHAM; HOSTETLER INVESTMENTS, LLC; and
> BELLVUE ROAD PARTNERS, LLC.
>
> 2.   Plaintiff's request to dismiss this
> action against Defendants pursuant to 28
> U.S.C. § 1367(c)(3) and toll the statute of
> limitations pursuant to 28 U.S.C. § 1367(d)
> is GRANTED; however, it is conditioned on
> Plaintiff's timely compliance with the August
> 7, 2008 Order as set forth above.

Plaintiff timely provided the discovery responses as required by the October 10, 2008 Order.  (Doc. 148).  On December 15, 2008, Plaintiff's Counsel, Kevin Little, filed a request for additional time to pay the attorney's fees awarded as a sanction. Plaintiff's request was deferred pending Defendants' response to Mr. Little's confidential declaration filed under seal setting forth his allegations concerning his current inability to pay the monetary sanctions; Defendants' response was due on February 17, 2009 and Mr. Little's reply due on February 23, 2009.   (Doc. 160).

    Defendants' response to Mr. Little's confidential declaration was filed under seal on January 26, 2009.  (Doc. 163).  In this response, Defendants argued that Mr. Little's

request for additional time to pay the monetary sanction should
be denied.  Defendants further argued that, even if the Court
granted Mr. Little additional time to pay the sanction, an
additional condition for dismissal of this action pursuant to
Rule 41, Federal Rules of Civil Procedure, should be imposed.
Defendants contend:

> The Court's having granted all of the various
> summary judgment motions filed by public
> entity or public employee defendants, it is
> now clear that this action was improvidently
> filed in federal court.  The claims, however
> baseless they may be, asserted against the
> Private Defendants, should never have been
> brought in this Court.  Mr. Little has
> sought, unsuccessfully, to turn an ill-
> conceived and unsupported real estate fraud
> claim into an equally faulty and ill-
> conceived civil rights claim.  Plaintiff now
> seeks to redress the improper filing of this
> action and avoid an award of attorney's fees
> by asking this Court to exercise its
> discretion under FRCP, Rule 41 in dismissing
> this action without prejudice.  In light of
> the failure of either Mr. Little or the
> Plaintiff to comply with the condition
> imposed on dismissal of this action without
> prejudice by the Court, dismissal with
> prejudice is the only remedy which will
> protect both the dignity of this Court and
> the rights of the Private Defendants.

Defendants further argue that, if Mr. Little is given additional
time to pay the monetary sanctions:

> Any such dismissal should be conditioned upon
> the right of the Private Defendants to apply
> to this Court for an award of fees
> unnecessarily incurred by the Private
> Defendants in the defense of this action in
> this forum.

On February 20, 2009, Mr. Little filed a notice of payment
of the monetary sanctions and requested that his request for an

3

extension of time to pay the monetary sanctions be denied as moot and this action be dismissed pursuant to 28 U.S.C. § 1367.  (Doc. 169).

Defendants requests for dismissal of this action with prejudice and/or for an award of attorneys' fees under Rule 41, Federal Rules of Civil Procedure, are DENIED.  Plaintiff did not seek dismissal of the remaining state law claims pursuant to Rule 41; his motion for dismissal was based on 28 U.S.C. § 1367. Defendants' request that dismissal of this action against the remaining defendants be conditioned upon payment of attorneys' fees is premised on cases awarding attorneys' fees as a condition to a Plaintiff's voluntary dismissal pursuant to Rule 41. Plaintiff does not seek a voluntary dismissal of the action under Rule 41.

Mr. Little has complied with the August 7, 2008 Order by providing the discovery and paying, albeit belatedly, the monetary sanction.  Plaintiff's request for an extension of time to comply with the monetary sanction is DENIED AS MOOT.

Plaintiff's request to dismiss this action against Defendants Carl Campodonica, William and Lillian Campodonica Trust, John Julius, Garth Pecchenino, David Gresham, Hostetler Investments, LLC, Bellevue Road Partners, LLC, Century 21 Salvadori Realty, and Stephen Mauzy pursuant to 28 U.S.C. § 1367(c)(3) and to toll the statute of limitations pursuant to 28 U.S.C. § 1367(d) is GRANTED.

Plaintiff shall prepare and lodge a form of order consistent

4

with this Memorandum Decision and directing entry of judgment against Plaintiff and in favor of all defendants by the Clerk of the Court within five (5) court days of service of this Memorandum Decision.

IT IS SO ORDERED.

Dated:   **March 3, 2009**                          /s/ Oliver W. Wanger
                                                                    UNITED STATES DISTRICT JUDGE